Jennifer Rust Murray, WSBA #36983
Blythe H. Chandler, WSBA #43387
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: jmurray@terrellmarshall.com
Email: bchandler@terrellmarshall.com

Attorneys for Plaintiffs and Cross-Defendant

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELAINA REID and JOSHUA REIMEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PREHIRED, LLC, MERATAS, INC, JOSHUA JORDAN, and ISA PLUS, LLC,<br><br>Defendants,<br><br>AND RELATED CROSS ACTIONS. | Case No. 2:22-cv-00072-TOR<br><br>**PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN**<br><br>**8/10/2023**<br>**Without Oral Argument** |

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 1
Case No. 2:22-cv-00072-TOR

## I. INTRODUCTION

Plaintiffs Elaina Reid and Joshua Reimen move under Rule 41(a)(2) for dismissal without prejudice of their claims against Defendants Joshua Jordan and PreHired, LLC. Plaintiffs have resolved their claims against Defendants ISA Plus, LLC and Meratas, Inc. *See* ECF Nos. 81, 83. If the Court grants Plaintiffs' motion, then the Clerk should close the case.

Plaintiffs seek dismissal without prejudice of their claims against Mr. Jordan and PreHired because Plaintiffs' investigation indicates that Mr. Jordan has no assets and cannot satisfy any judgment and PreHired filed for bankruptcy. Mr. Jordan refuses to stipulate to dismissal and expressed an intent to oppose this motion.

## II. BACKGROUND

Plaintiff Elaina Reid filed this action as a proposed class action in April 2022. ECF No. 1. Mr. Jordan and PreHired answered Ms. Reid's initial complaint in August 2022. ECF No. 28. Neither Mr. Jordan nor PreHired asserted any counterclaims against Ms. Reid. *Id.*

PreHired filed for bankruptcy in October 2022. ECF No. 42. In response to Ms. Reid's motion, the Court ruled that the automatic bankruptcy stay does not

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 2
Case No. 2:22-cv-00072-TOR

apply to claims against other defendants in this action. ECF No. 51. The Court then granted Ms. Reid leave to file her First Amended Complaint adding Plaintiff Joshua Reimen's claims to the case and adding claims against ISA Plus, LLC. ECF Nos. 56, 58.

Mr. Jordan failed to answer Plaintiffs' First Amended Complaint. He has not filed a motion for summary judgment. Mr. Jordan's counsel withdrew after exhausting PreHired's insurance proceeds on attorney's fees incurred defending lawsuits filed around the country by consumers and state regulators, including the Washington Attorney General. *See* ECF No. 66. Mr. Jordan is proceeding pro se. ECF No. 79.

Plaintiffs have resolved their claims against Meratas, Inc., and ISA Plus, LLC and filed notices of dismissal with prejudice of claims against those defendants. ECF Nos. 81, 83; *see also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.").

PreHired and Mr. Jordan have asserted third-party claims against ISA Plus, but they are solely for contribution toward any judgment against PreHired and Mr. Jordan and in favor of Plaintiffs. ECF No. 28 at 10–13.

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 3
Case No. 2:22-cv-00072-TOR

## III.    ARGUMENT

**A.    Standards for dismissal under Rule 42(a)(2).**

Rule 41(a)(2) authorizes district courts to dismiss claims on motion by the plaintiff "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*; *see also Wilson*, 111 F.3d at 693 ("Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants."). A proposed class action may be dismissed without prejudice under Rule 41 without Court approval under Rule 23(e). *Radford v. Lyons Magnus, LLC*, 2023 WL 2976293, at *1 (E.D. Cal. Apr. 17, 2023).

Courts have determined that when a defendant has answered an initial complaint, but failed to answer a subsequent amended complaint, the plaintiff must seek dismissal by court order rather than by filing a notice under Rule 41(a)(1). *See Aana v. Pioneer Hi-Bred Int'l, Inc.*, 2014 WL 819158, at *2 (D. Hawai'i, Feb. 28, 2014). In one case where defendant answered an initial complaint and failed to answer an amended complaint, the court noted the plaintiff's uncertainty about whether a notice of dismissal or motion was required and

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 4
Case No. 2:22-cv-00072-TOR

concluded the prudent option was to file a motion. *Manfield v. Jones-Pfaff*, 2014 WL 7185405, at *7 n.10 (W.D. Wash. Dec. 16, 2014). Here Mr. Jordan failed to answer the First Amended Complaint, but given his answer to the original complaint (ECF No. 28), and stated opposition to a dismissal, Plaintiffs have filed the instant motion rather than a notice of dismissal under Rule 41(a)(1).

**B.      Plaintiffs' claims against Jordan and PreHired should be dismissed without prejudice.**

Plaintiffs seek dismissal without prejudice to avoid further litigation costs and burden on the Court pursuing claims against two judgment proof parties—PreHired and Mr. Jordan. PreHired is in bankruptcy and there are numerous secured creditors whose claims would be head of Plaintiffs if they prevailed in this action. Chandler Decl. ¶ 2. In addition they cannot currently pursue claims against PreHired given the automatic stay. Plaintiffs believe based on investigation that Mr. Jordan has insufficient assets to satisfy any judgment. Chandler Decl. ¶ 3. Plaintiffs therefore resolved their individual claims against the solvent defendants—Meratas and ISA Plus—and now seek to end the litigation.

Mr. Jordan has advised Plaintiffs' counsel that he opposes dismissal and he wants to litigate the claims and obtain a ruling that would clear his name. Chandler Decl. ¶ 4, Ex. 1. But the court will refuse to dismiss claims without

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 5
Case No. 2:22-cv-00072-TOR

prejudice under Rule 41(a)(2) only where "a defendant can show that it will suffer some plain legal prejudice as a result" of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Atigeo LLC v. Offshored Ltd. D*, 2014 WL 3846087, at *2 (W.D. Wash. Aug. 4, 2014). The Ninth Circuit defines legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996). "The lack of resolution of a case, uncertainty due to the threat of future litigation, expenses incurred to defend against the dismissed lawsuit, and the inconvenience of defending in another forum do not amount to legal prejudice." *Atigeo*, 2014 WL 3846087, at *3(citing *Westlands Water Dist.*, 100 F.3d at 96–97). "Rather, the cases focus on the 'rights and defenses available to a defendant in future litigation,' or on situations that render a party unable to conduct sufficient discovery." *Id.*

Mr. Jordan can make no showing of plain legal prejudice. He has asserted no claims in this action and is subject to entry of a default for his failure to answer the operative complaint. Any defense he may have to Plaintiffs' claims will be equally available to him in a future case Plaintiffs may file against him should they learn that he has assets available to satisfy a judgment.

Mr. Jordan's refusal to stipulate to dismissal is a waste of both Plaintiffs' counsel's and the Court's time and resources. Given his pro se status, however, Plaintiffs' counsel are not requesting sanctions for vexatious litigation at this time.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court dismiss without prejudice Plaintiffs' claims against Mr. Jordan and PreHired, LLC and close the case.

RESPECTFULLY SUBMITTED AND DATED this 21st day of June, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Blythe H. Chandler, WSBA #43387
Jennifer Rust Murray, WSBA #36983
Blythe H. Chandler, WSBA #43387
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: jmurray@terrellmarshall.com
Email: bchandler@terrellmarshall.com

Douglas M. Werman, *Admitted Pro Hac Vice*
Maureen A. Salas, *Admitted Pro Hac Vice*
WERMAN SALAS P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025
Email: dwerman@flsalaw.com
Email: msalas@flsalaw.com

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 7
Case No. 2:22-cv-00072-TOR

*Attorneys for Plaintiffs and Cross-Defendant*

## CERTIFICATE OF SERVICE

I, Blythe H. Chandler, hereby certify that on June 21, 2023, I caused true and correct copies of the foregoing to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew G. Nagurney, *Admitted pro hac vice*
JW HOWARD/ ATTORNEYS, LTD
600 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 234-2842
Email: drew@jwhowardattorneys.com
Email: michelle@jwhowardattorneys.com

William D. Marler, WSBA #17233
MARLER CLARK, LLP PS
1301 2nd Avenue, Suite 2800
Seattle, Washington 98101
Telephone: (206) 346-1888
Facsimile: (206) 346-1898
Email: bmarler@marlerclark.com

*Attorneys for Third-Party Defendant and Cross-Claimant ISA PLUS, LLC*

Joshua Jordan
1650 Indy Drive
North Charleston, SC 29405
Email: joshlegalstuff@gmail.com

*Pro Se*

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN - 9
Case No. 2:22-cv-00072-TOR

I further certify that on June 21, 2023, I caused true and correct copies of the foregoing to be served via Electronic Mail upon the following:

>Joshua Jordan
>1650 Indy Drive
>North Charleston, SC 29405
>Email: joshlegalstuff@gmail.com
>
>*Pro Se*
>
>Harris Bogner
>Compliance Officer
>Email: harris@meratas.com
>
>*Contact for Meratas, Inc.*

DATED this 21st day of June, 2023.

>By: /s/ Blythe H. Chandler, WSBA #43387
>Blythe H. Chandler, WSBA #43387

PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
CLAIMS AGAINST PREHIRED, LLC AND JOSHUA JORDAN
- 10
Case No. 2:22-cv-00072-TOR